IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES WAYT,<br><br>    Defendant. | Civ. No. 03-1234-HO<br><br>ORDER |

Plaintiff moves for default judgment against defendant James Wayt, pursuant to Fed.R.Civ.P. 55(b), for entry of a permanent injunction, and for attorney fees and costs. The court previously allowed plaintiff's motion for entry of default against Wayt. See Order dated January 12, 2004.

## Discussion

Upon default, the factual allegations of the complaint are generally taken as true, except the allegations relating to

damages. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). The court is not required to make detailed findings regarding liability. Fair Housing of Marin v. Combs, 285 F.3d 889, 906 (9th Cir. 2002). The complaint alleges that Wayt purchased a "pirate access device" consisting of an "All-in-one-Combo (Unlooper, Emulator, Boot Loader Board)," using interstate or foreign wire facilities and the Postal Service or commercial mail carriers. Complaint, ¶ 7. The complaint further alleges defendant (1) received and/or assisted others in receiving plaintiff's satellite transmissions of television programming without authorization in violation of 47 U.S.C. § 605(a), and (2) intentionally intercepted, endeavored to intercept or procured others to intercept or endeavor to intercept plaintiff's satellite transmissions of television programming using pirate access devices in violation of 18 U.S.C. § 2511(1)(a).[1] Complaint at 4-5. Based on these allegations, the court finds Wayt liable on plaintiff's first and second claims alleging violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a), respectively.

Where default judgment is possible based on sufficient allegations, the court retains discretion to grant or withhold judgment. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.

---

[1] Plaintiff withdraws the third claim for violation of 18 U.S.C. § 2512(1)(b).

1986). In this case, resolution on the merits is not possible, because Wayt has not appeared; the allegations of the first and second claims state claims upon which relief may be granted; there are no disputed issues of fact as a result of Wayt's non-appearance; and nothing suggests Wayt's default is the result of excusable neglect. Default judgment is therefore appropriate. Id.

Upon finding a violation of Section 605(a), the court may grant an injunction on such terms it deems just to restrain future violations of Section 605(a). 47 U.S.C. § 605(e)(3)(B)(i). A person whose communication is intercepted in violation of 18 U.S.C. § 2511(1)(a) may obtain an injunction. 18 U.S.C. § 2520(b)(1). Following these standards, Wayt is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605(a), and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

Plaintiff seeks statutory damages in the amount of $10,000 for violations of 47 U.S.C. §§ 605(a), and 18 U.S.C. § 2511(1)(a). A party aggrieved by violation of Section 605(a) may recover statutory damages of not less than $1,000, or more than

$10,000 for each violation as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). In a civil action, the court has discretion to award statutory damages for violation of 18 U.S.C. § 2511(1)(a), but if it chooses to do so, it must award the greater of $100 a day for each day of violation or $10,000. 18 U.S.C. § 2520(c)(2).

According to plaintiff's witness and documentary evidence, Wayt subscribed to DIRECTV from December 22, 2000 to April 27, 2001, during which time Wayt received all the equipment necessary to receive DIRECTV's encrypted satellite programming Sichler Decl., ¶ 28, ex. 1. The witness further declares that (1) the combination pirate access device purchased by Wayt consists of an unlooper and a programmer, both of which are designed specifically to permit the surreptitious interception of DIRECTV satellite programming, (2) the "unlooper" is designed to restore functionality to illegally modified DIRECTV access cards disabled by misuse or by DIRECTV's electronic anti-piracy measures, (3) the programmer is designed and/or marketed to be used to permit the illegal programming of valid DIRECTV access cards for the sole purpose of obtaining access to DIRECTV satellite programming without payment, (4) Wayt visited and posted messages relating to the piracy of DIRECTV programming on websites or usenet forums,[2]

---

[2]Plaintiff's documentary evidence does not support its witness's statement that Wayt posted messages related to piracy on websites or usenet forums.

and (5) Wayt joined the "hack100forums.com" web site on or about March 9, 2002. Id. at ¶¶ 30-33, 49, exs. 2, 3.

Plaintiff argues that "strong inferences from this circumstantial evidence prove that it is more likely than not that Defendant Wayt pirated DIRECTV from January 2001 through May 2003 when this lawsuit was filed." Pl's Memo. at 9. It is also entirely possible on this record that Wayt did not intercept plaintiff's programming without authorization. Based on this real possibility, the court exercises its discretion to decline to award statutory damages.

The court finds that plaintiff is entitled to an award of reasonable attorneys' fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii) (award mandatory); 18 U.S.C. § 2520(b)(3) (award discretionary). Plaintiff seeks attorneys' fees in the amount of $3,143.50, and costs in the amount of $478.84. Plaintiff submitted detailed documentation of attorney time expended. Smith Decl., Ex. 1. The award is based on hourly rates of $250 for Portland attorneys Long and Smith, admitted to practice in 1992 and 1991, respectively, and $180 for Portland attorney Tarbox, admitted in 1999. The rates are somewhat higher than average rates for Portland attorneys with similar experience reported in the 2002 Oregon State Bar Economic Survey (13-15 years = $189, 10-12 years = $187, 4-6 years = $165). The higher rates are justified to compensate for inflation, and because

plaintiff's attorneys have significant experience litigating the claims at issue.  According to plaintiff, its attorneys have filed 52 lawsuits against 190 defendants on it's behalf.  The court is handling several of these cases, and has observed that the claims are similar in many, if not all of the cases with which the court is familiar.  The court finds the requested rates to be reasonable.

The court finds the number of hours expended to be reasonable, except for time expended in pursuit of plaintiff's unsuccessful motion to stay proceedings.  The court therefore disallows the following time entries on exhibit 1 to the Smith declaration, and determines the fee award as follows.

For attorney Smith,

```
03/03/2005              .2  hr
03/08/2005              .1  hr
03/09/2005              .2  hr
03/10/2005              .1  hr
03/11/2005              .1  hr
03/14/2005              .3  hr
03/15/2005              .1  hr
04/07/2005              .1  hr
                       1.2  hr  (* $250/hr = $300)
```

Based on the foregoing, the court finds that $2,843.50 is a reasonable fee award for prosecuting this case to default judgment, and awards this amount.

The cost bill reflects costs expended for the filing fee, process server, subpoena service fee, records search, photocopies, long distance telephone charges, court PACER costs,

and fax charges. The costs appear reasonable and are allowed.

## Conclusion

For the foregoing reasons, plaintiff's motion for default judgment and permanent injunction [#29] and motion for attorney fees and costs [#32] relating to defendant James Wayt are granted to the extent provided herein.

James Wayt is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

The clerk is directed to enter final default judgment against James Wayt. The judgment shall provide that plaintiff shall take no damages on its claims, and that plaintiff shall recover from James Wayt $478.74 in costs, and $2,843.50 in attorneys' fees for prosecuting this action.

IT IS SO ORDERED.

DATED this 17th day of January, 2006.

Michael R. Hogan
United States District Judge

7 - ORDER